THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Kristen Dumke, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | Removed from: |
| | ) | |
| Chicago & Vicinity Laborer's District | ) | 18th Judicial Circuit Court, |
| Council Pension Fund, | ) | DuPage County, Illinois |
| Elizabeth Fischer, individually, and | ) | |
| Estate of Jeffrey Dumke, deceased, | ) | |
| | ) | State Court Case No. 2025LA000683 |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, the Chicago & Vicinity Laborers' District Council Pension Plan ("Fund"),[1] hereby removes this civil action to the Western Division of the United States District Court for the Northern District of Illinois from the 18th Judicial Circuit Court, DuPage County, Illinois, pursuant to 28 U.S.C. Sections 1441 and 1446. In support of its notice of removal, the Fund states as follows:

1. On June 5, 2025, Plaintiff Kristen Dumke ("Kristen") filed her Complaint against the Fund in the Eighteenth Judicial Circuit Court, DuPage County, Illinois. The Fund was served with a summons and exhibits to the Complaint but not the Complaint itself on June 24, 2025. Counsel for the Fund informed Kristen's counsel that the Complaint was not included among the documents served on the Fund. Kristen, through her counsel, agreed to proceed with waiver of service. On July 7, 2025, Kristen's counsel sent the Fund's attorney a copy of the Complaint and the documents for waiver of service. On July 10, 2025, the Fund's attorney returned to Kristen's counsel an executed copy of the waiver of service. A copy of all of the documents referenced in

---

[1] As reflected by the caption, the complaint erroneously names the Fund as the "Chicago & Vicinity Laborer's District Council Pension Fund."

this paragraph are attached as Exhibit A and constitute all process, pleadings, and orders served on the Fund in accordance with 28 U.S.C. Section 1446(a).

2. This Notice of Removal is filed within 30 days after the Fund first received a copy of the Complaint, as required by 28 U.S.C. § 1446(b)(1).

3. The Fund is a defined benefit pension plan funded by contributions from numerous employers remitted pursuant to collective bargaining agreements. Ex. B, Decl. Wenskus ¶ 3. It is therefore a multiemployer employee pension benefit plan within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and 1002(37). *Id.*

4. Kristen is the ex-spouse of one of the Fund's participants, Jeffrey Dumke ("Jeffrey"). Compl. ¶¶ 1-2.

5. Kristen and Jeffrey divorced in 2015. *Id.* ¶ 2. They entered into a marital settlement agreement providing that Kristen would receive a portion of Jeffrey's pension benefits from the Fund pursuant to a qualified domestic relations order ("QDRO") to be prepared by Jeffrey within 60 days. *Id.* ¶¶ 2, 7.

6. A QDRO is a domestic relations order provided for under ERISA that satisfies certain requirements and thus allows an alternate payee (a participant's spouse, former spouse, child, or other dependent) to receive a portion of his or her pension benefits, which would otherwise be prohibited by ERISA's anti-alienation provision. *Boggs v. Boggs*, 520 U.S. 833, 846-47 (1997); 29 U.S.C. § 1056(d).

7. Following his divorce from Kristen, Jeffrey married Elizabeth Fischer ("Elizabeth"). Compl. ¶ 9.

8. Jeffrey died on March 15, 2024. Compl. ¶ 10.

9. A QDRO concerning Kristen's entitlement to a portion of Jeffrey's pension benefits did not exist prior to his death. *Id*. ¶ 10. On May 29, 2024, Kristen obtained an order (the "DRO") captioned "Qualified Domestic Relations Order" that purported to award her a portion of Jeffrey's benefits from the Fund and was *nunc pro tunc* or retroactive to August 26, 2015.

10. Kristen submitted a copy of the DRO to the Fund, as required by ERISA. Compl. at Ex. 4; 29 U.S.C. § 1056(d)(3)(G). The Fund, through its counsel, responded that the DRO did not satisfy the requirements for a QDRO because the DRO would, in violation of ERISA, divest Elizabeth of a portion of her pre-retirement surviving spouse benefits associated with Jeffrey's pension, which vested upon Jeffrey's death. Compl. at Ex. 4.

11. Kristen appealed the Fund's determination that the DRO did not satisfy the requirements of a QDRO. *Id*. at Ex. 5. The Fund's Appeals Committee denied the appeal, reiterating that the DRO would impermissibly divest Elizabeth of a portion of her surviving spouse benefit or, alternatively, require the Fund to pay an increased benefit for Jeffrey, in violation of 29 U.S.C. § 1056(d)(3)(D)(ii). *Id*. The appeal denial letter further explained that the DRO would require the Fund to reannuitize a portion of the benefit for Jeffrey, calculating that portion of the benefit based on Kristen's age, when it had already been calculated based on Elizabeth's age, in violation of 29 U.S.C. § 1056(d)(3)(D)(ii), as explained by 29 C.F.R. § 2530.206(c)(2)-Ex. 3. *Id*.

12. On June 5, 2025, Kristen filed suit against the Fund, Elizabeth, and Jeffrey's estate (the "Estate").

13. The first two counts of the Complaint are against the Estate and are not related to the DRO. Compl. ¶¶ 22-32. They seek damages from the Estate based on Jeffrey's alleged breaches of the marital settlement agreement prior to his death. *Id*.

14. The third count of the Complaint, for declaratory judgment, is against the Fund. *Id*. ¶ 34-41. It implies that the Fund incorrectly concluded that the DRO does not satisfy the requirements of a QDRO. *Id*. This count of the Complaint seeks an order and an injunction requiring the Fund to pay a portion of Jeffrey's pension benefits to Kristen pursuant to the DRO. *Id*. The third count of the Complaint does not identify the substantive law pursuant to which Kristen is allegedly entitled to a portion of the pension benefits for Jeffrey, nor specify any law that provides for a cause of action that forms the basis for the count.

15. The fourth count of the complaint is against Elizabeth. *Id*. ¶ 42-46. Whereas the third count of the complaint seeks from the Fund a portion of future benefit payments for Jeffrey, the fourth count seeks an order requiring that Elizabeth hold in constructive trust the corresponding portion of pension benefits for Jeffrey that the Fund has already paid to her. *Id*.

16. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

17. "Ordinarily, a defendant cannot remove a case to federal court unless the plaintiff's complaint demonstrates that the plaintiff's case arises under federal law," which is also "known as the 'well-pleaded complaint rule.'" *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723 (7th Cir. 2017), quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) and *Franchise Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-10 (1983).

4

18. The Fund contends that the third count of Kristen's Complaint is an ERISA claim for benefits under 29 U.S.C. Section 1132(a)(1)(B). The relief sought is consistent with Section 1132(a)(1)(B), as it seeks an order directing an ERISA multiemployer employee benefit pension plan to pay certain pension benefits. The Fund is unable to identify any other cause of action that Kristen would be bringing with the third count of her Complaint. Kristen's claim against the Fund therefore arises under federal law and is subject to removal to federal court.

19. To the extent that Kristen disputes that her claim against the Fund arises under federal law, her claim is preempted by ERISA, which grants the Fund the right to removal.

20. A federal preemption defense is normally not sufficient to "create statutory 'arising under' jurisdiction." *Id*. However, an exception to that rule is when "a federal statute wholly displaces the state-law cause of action through complete preemption" and "ERISA is one of those federal statutes with expansive preemptive power." *Id*. at 723-24, quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Section 514(a) of ERISA provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

21. A complaint can be removed to federal court under the complete preemption exception if the defendant can show that "even if pleaded in terms of state law" the claim "is in reality based on federal law." *Studer*, 867 F.3d at 723-24 (quoting *Anderson*, 539 U.S. at 8).

22. Federal question jurisdiction exists in this case because, to the extent Kristen brings her claim against the Fund under state law, it is completely preempted by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. Section 1132(a) and 1144(a).

23. A claim is completely preempted by Section 502(a) of ERISA "(1) 'if an individual, at some point in time, could have brought his claim under' ERISA's expansive civil

5

enforcement mechanism . . . and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Studer*, 867 F.3d at 724 (quoting *Aetna Health Inc. v. Davila* 542 U.S. 200, 210 (2004)).

24. Plaintiff's claim against the Fund could and should be brought as a claim for benefits under 29 U.S.C. Section 1132(a)(1)(B). Causes of action under that subsection of ERISA are the act's vehicle for a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," which is precisely what Kristen seeks to do with her claim against the Fund. 29 U.S.C. § 1132(a)(1)(B). By implying that the DRO is a valid QDRO, Kristen asserts that she is an alternate payee with respect to the Fund, which would make her a beneficiary under ERISA. 29 U.S.C. § 1056(d)(3)(J). The Fund afforded Kristen the right to appeal under ERISA and she availed herself to it. 29 CFR § 2560.503-1(h); Compl. at Ex. 5.

25. The Fund has no independent legal duty to pay benefits to Kristen separate from its obligation to pay her pension benefits in the event that the DRO is a valid QDRO. ERISA's anti-alienation provision bars the Fund from paying benefits to Kristen in the absence of a valid QDRO. 29 U.S.C. § 1056.

26. Whereas Kristen's claims against the Estate are undoubtedly based on state law, there is ambiguity with respect to whether Kristen's claims against Elizabeth are under state law or ERISA. In any event, the Court has supplemental jurisdiction over Kristen's state law claims pursuant to 28 U.S.C. § 1367.

27. Elizabeth is not consenting to removal at this time because, on information and belief, she has not yet been served in the state court action. No affidavit of service for Elizabeth appears on the docket for the state court proceedings.

28. The Estate is not consenting to removal at this time because Kristen's claims against it concern breaches of her marital settlement agreement with Jeffrey and are therefore unrelated to her claims against the Fund and Elizabeth, which concern whether the DRO is a valid QDRO that grants her the right to a portion of Jeffrey's pension benefits. *Bernstein v Lind-Waldock & Co.*, 738 F.2d 179, 183 (7th Cir. 1984) (holding that consent from defendants to unrelated claims is not required, as this would allow plaintiffs to impede removal by bringing unrelated claims against different defendants as part of the same action).

29. In the alternative, the Estate is not consenting to removal at this time because, on information and belief, it has not yet been served in the state court action. No affidavit of service for Elizabeth appears on the docket for the state court proceedings. Despite being a defendant to unrelated claims, the Estate may ultimately consent to removal of this action after it is served.

30. By filing this Notice of Removal, the Trustees reserve all defenses that may be available.

31. On August 4, 2025, the Fund served a copy of this notice on Kristen's counsel of record in the state court proceedings and filed a copy of this notice with the clerk of the court for the 18th Judicial Circuit Court, DuPage County by filing a notice that includes this Notice of Removal as Exhibit A on the docket for the state court proceedings. A copy of the state court filing is attached as Exhibit C.

WHEREFORE, for the reasons stated above, the action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Respectfully submitted,

/s/ Jeremy M. Barr
Attorney for Defendant the Chicago & Vicinity
Laborers' District Council Pension Plan

Justin J. Lannoye (ARDC #6277853)
Jeremy M. Barr (ARDC #6299047)
Elizabeth L. Rowe (ARDC #6316967)
DOWD, BLOCH, BENNETT, CERVONE,
AUERBACH & YOKICH, LLP
8 South Michigan Avenue, 19th Floor
Chicago, Illinois 60603
(312) 372-1361